NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued February 27, 2007
Decided March 7, 2007

**Before**

Hon. DIANE P. WOOD, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 06-2599

| | |
|---|---|
| PAMELA L. MACKENZIE, <br>     *Plaintiff-Appellant*, <br><br> *v.* <br><br> JOHN E. POTTER, Postmaster General, <br>     *Defendant-Appellee*. | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division <br><br> No. 04 C 4070 <br><br> Marvin E. Aspen, <br> *Judge*. |

**O R D E R**

Pamela MacKenzie sued her employer, the United States Postal Service, under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, alleging that her supervisor sexually harassed her and created working conditions so intolerable that she could not work. The parties filed cross-motions for summary judgment. The district court granted summary judgment to the Postal Service, finding that there were no issues of material fact preventing the Postal Service from relying on its affirmative defense to liability as recognized in *Burlington Indus. v. Ellerth*, 524 U.S. 742, 765 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998). We affirm.

The facts are presented in a light most favorable to the plaintiff. MacKenzie worked for the Postal Service's Palatine facility on the night shift, where she was occasionally supervised by Edgar Collins. Collins repeatedly harassed MacKenzie by making sexual comments. On one occasion, he pulled her into a room where he grabbed her and started kissing her. In addition, Collins refused some of MacKenzie's requests for time off, once telling her that she was not "being nice" and "not giving [him] anything." MacKenzie tried to ignore Collins's behavior and did not report him for seven months after he first started making comments. And MacKenzie was not the only one subjected to Collins's advances: several months earlier a coworker complained about his inappropriate comments. Collins was disciplined as a result of that complaint.

For MacKenzie "the last straw" came when Collins stole her lunch and said (excuse our repeating this crude remark), "Hey, baby, when are you gonna give me some pussy?" MacKenzie could no longer tolerate Collins's behavior, so she reported him to the facility's operation manager, Alan Lipschultz, who had previously disciplined Collins after the coworker's complaint. Lipschultz met with both MacKenzie and Collins, and Collins acknowledged that he made sexual comments to MacKenzie but denied they were inappropriate. Lipschultz told Collins that his behavior was inappropriate and told MacKenize that he would "take care of" the problem. Lipschultz did not report the incident or conduct further investigations.

The day after the meeting, MacKenzie noticed Collins glaring and nodding his head at her, and she again complained to Lipschultz. MacKenzie wrote two letters to Lipschultz describing Collins's behavior and stating that she felt threatened even being in the same building as him. Lipschultz issued a Letter of Warning to Collins for "conduct unbecoming a postal supervisor" because he made "comments of a sexual nature." The letter warned Collins that future problems could result in "suspensions, reduction in grade or pay or REMOVAL from the Postal Service."

MacKenzie never returned to work. Over the next several months her doctors wrote at least eleven letters (many of the letters are identical, with little detail) stating that she had a depressive disorder due to "work related incidents" and recommending that she not return to work in the same building as Collins. The Postal Service offered MacKenzie a "limited-duty" position not supervised by Collins, but she did not respond, so it advised her that she was considered absent without leave and subject to possible disciplinary action.

Several months later, Lipschultz informed MacKenzie in two letters that Collins elected to transfer to another facility and that MacKenzie should return to her regular assignment. MacKenzie responded with letters from her doctors,

stating that her condition had deteriorated and that she could now work only the day shift and perhaps not at all. The Postal Service sent MacKenzie several letters informing her that she needed to submit to an examination by a Postal Service physician to determine whether she was fit to return to work. MacKenzie's psychologist insisted, though, that the examination take place only at her doctors' offices. Because MacKenzie refused to attend examinations at any other location, the Postal Service notified her that she was to be terminated. MacKenzie filed a grievance, and a year later she agreed to an examination by the Postal Service so long as her personal physician was in attendance. The Postal Service attempted three times to schedule the examination, but MacKenzie refused to attend because she no longer lived in Illinois and her physician's schedule made planning difficult. The Postal Service terminated MacKenzie's employment—nearly three years after she stopped coming to work.

MacKenzie sued the Postal Service under Title VII, alleging that she was sexually harassed and constructively discharged, and the parties eventually moved for summary judgment. For purposes of its motion, the Postal Service conceded that MacKenzie had been harassed, but asserted an affirmative defense under *Ellerth*, 524 U.S. at 765, and *Faragher*, 524 U.S. at 807, contending that it took reasonable care to promptly correct Collins's behavior, but that MacKenzie unreasonably failed to report the harassment. Under *Ellerth* and *Faragher*, when a person is sexually harassed by a supervisor, the employer is strictly liable when the employee suffers a "tangible employment action" (which includes a constructive discharge). *Robinson v. Sappington*, 351 F.3d 317, 333-34, 336 (7th Cir. 2003). But if there is no tangible employment action, an employer can avoid liability by demonstrating that it acted reasonably to prevent the harassment and that the employee unreasonably failed to take advantage of opportunities to prevent harm. *Jackson v. County of Racine*, 474 F.3d 493, 501 (7th Cir. 2007).

In granting the Postal Service's motion, the district court ruled that MacKenzie did not suffer a tangible employment action because the harassment stopped after she reported the conduct so she was not constructively discharged, and being denied leave periodically did not significantly affect her pay, benefits, or duties. After ruling that the Postal Service was not strictly liable, the court next concluded that the Postal Service established that there were no issues of material fact regarding its defense under *Ellerth* and *Faragher*. The court ruled that the Postal Service took reasonable steps to respond to the earlier complaints from MacKenzie's coworker and that it took immediate action to correct the harassment as reported by MacKenzie. The court also found that MacKenzie's seven-month delay in reporting Collins's behavior was unreasonable.

We review the district court's judgment granting summary judgment *de novo*. *Sun v. Bd. of Tr. of Univ. of Ill.*, 473 F.3d 799, 812 (7th Cir. 2007). Summary

judgment is proper when, construing the facts in a light most favorable to the nonmoving party, the moving party can establish that there is no genuine issue of material fact. *Id.*; FED. R. CIV. P. 56(c).

MacKenzie first challenges the district court's conclusion that she did not suffer at least one tangible adverse employment action. She argues that she suffered one such action when she was constructively discharged after Lipschultz failed to take adequate corrective action against Collins's continuing harassment.

MacKenzie can show that she was constructively discharged if she can establish that the intolerable work conditions would lead a reasonable employee to quit. *McPherson v. City of Waukegan*, 379 F.3d 430, 440 (7th Cir. 2004); *Robinson*, 351 F.3d at 336. However, MacKenzie did not show that she was *constructively* discharged because she was *actually* fired for failing to follow instructions. *See, e.g.*, *Jordan v. City of Gary*, 396 F.3d 825, 836-37 (7th Cir. 2005) (ruling that employee could not claim that she was constructively discharged because she was fired). MacKenzie acknowledged in her deposition that she knew that she was fired. She also does not dispute that she was fired for failing to follow instructions to attend a psychological evaluation. *See Ellerth*, 524 U.S. at 753-54 (stating that plaintiff must show "that a tangible employment action resulted from a refusal to submit to a supervisor's sexual demands."). "We can make it no plainer than to reiterate that constructive discharge 'refers to a situation in which an employee is not fired but quits.'" *Jordan*, 396 F.3d. at 837 (quoting *McPherson*, 379 F.3d at 440).

MacKenzie argues that she was also subjected to a tangible adverse employment action when Collins denied her occasional requests for leave. To establish her claim, MacKenzie had to show that she was subject to "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *Hardy v. Univ. of Ill. at Chi.*, 328 F.3d 361, 364 (7th Cir. 2003) (internal quotation marks omitted). The adverse action must be materially adverse and significantly alter the conditions of employment. *Griffin v. Potter*, 356 F.3d 824, 829 (7th Cir. 2004).

MacKenzie's claim amounts only to an inconvenient denial of occasional leave, and a trier of fact could not find that MacKenzie presented a material issue of fact as to whether this periodic denial of leave significantly altered the terms of her employment. MacKenzie asserted not that she was always denied leave, but rather that she was "sometimes" denied leave and that at other times Collins granted her requests. She also noted that when her leave was denied, it was sometimes because other employees had taken the requested days off already. These allegations alone cannot establish an adverse action. *See, e.g., Griffen*, 356 F.3d at 829 (ruling that denial of leave did not amount to adverse employment action, even when combined

with new shift, transfer to more distant facility, unfair discipline, altered evaluations, letters of warning, increased responsibilities, and denied parking permit).

For the first time on appeal, MacKenzie also tries to identify tangible employment actions in other incidents, including her work-related injury, the fact that the Postal Service challenged her workers' compensation claim, and her decrease in overtime hours when she was attempting to avoid Collins. The Postal Service contends that MacKenzie waived these arguments by not raising them in the district court. *See Hottenroth v. Vill. of Slinger*, 388 F.3d 1015, 1033 (7th Cir. 2004). MacKenzie responds that these arguments "evolved" from her earlier arguments and were based on facts she alleged to the district court. However, these arguments are more than mere variations of her arguments to the district court; they are entirely new. In the district court, MacKenzie argued that she suffered a tangible employment action 1) because she was constructively discharged and 2) because Collins refused her overtime requests. These new arguments do not relate to these claims and are therefore waived.

Because MacKenzie did not establish a tangible adverse employment action, we next consider whether the district court correctly determined that the Postal Service established the affirmative defense set out in *Ellerth* and *Faragher*. *See Jackson*, 474 F.3d at 501. An employer, like the Postal Service, avoids liability by demonstrating that it "'a) exercised reasonable care to prevent and correct promptly . . . harassing behavior, and b) that the plaintiff employee unreasonably failed to take advantage of any preventative or corrective opportunities provided by the employer or to avoid harm otherwise.'" *Jackson*, 474 F.3d 493, 501 (7th Cir. 2007) (quoting *Ellerth*, 524 U.S. at 765.)

MacKenzie argues that the Postal Service did not satisfy the first prong of the affirmative defense because a material fact remains about whether it took reasonable steps to prevent the harassment. She argues that the Postal Service did not adequately investigate the earlier complaint from her coworker, and that it did not reasonably act to correct Collins's behavior towards MacKenzie.

Although Lipschultz's response was not ideal, the evidence shows that the Postal Service's actions were adequate under Title VII. With regard to the coworker, after she complained Lipschultz met with Collins, instructed him to prepare a statement about the incident, and ordered him to address the coworker in a professional manner. MacKenzie has not shown that Collins harassed the coworker again after Lipschultz spoke with him. With regard to the Postal Service's response to MacKenzie's complaint, it offered her a limited-duty position in which she would not be supervised by Collins, and it repeatedly offered to restore her to her position after Collins transferred to another facility. MacKenzie may not

have been satisfied with the Postal Service's efforts, but the purpose of the anti-harassment laws is to prevent further harassment, and the Postal Service's actions did just that. *See Jackson*, 474 F.3d at 502.

The other prong of the test for establishing an affirmative defense requires the Postal Service to show that MacKenzie unreasonably failed to take advantage of opportunities to report the harassment. *Jackson*, 474 F.3d at 502. MacKenzie argues that the district court erred in ruling that her delay was unreasonable because it "shifted the blame to the victim for attempting to resolve the issue herself." But an employee's failure to report harassment in a timely fashion can indicate unreasonable behavior. *Id.* (citing *Ellerth*, 524 U.S. at 765); *McPherson*, 379 F.3d at 441-42. We have rejected arguments similar to MacKenzie's as "nothing more than a dissatisfaction with the law." *McPherson*, 379 F.3d at 442. MacKenzie did not report Collins's harassing behavior for more than seven months after it began, even though she acknowledged that she knew about the Postal Service's policies regarding sexual harassment. MacKenzie has not established any issue of material fact about whether her delay in reporting harassment was reasonable. *See Gawley v. Ind. Univ.*, 276 F.3d 301, 312 (7th Cir. 2001) (finding seven-month delay unreasonable); *see also Jackson*, 474 F.3d at 502 (four-month delay unreasonable); *McPherson*, 379 F.3d at 441-42 (two-year delay unreasonable).

For these reasons, we AFFIRM the district court's judgment.